UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
DIVISION

DARIUS B. THOMAS,

Plaintiff,

v.

ADAM BERNHARDT et al.,

Defendants.

Case No. 2:26-cv-94

Honorable Paul L. Maloney

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. The

events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Sergeant Adam Bernhardt, Correctional Officer Adam MacArthur, and then-Chief Defender of the Chippewa County Public Defender Jennifer J. France. (Compl., ECF No. 1, PageID.1.)

In his complaint, Plaintiff alleges that Defendants Bernhardt and MacArthur falsely accused Plaintiff of possession of marijuana, which resulted in Plaintiff's placement in administrative segregation and criminal charges being filed against him. (*Id.*, PageID.2–3.) While Defendant France was representing Plaintiff in connection with the criminal charges, Defendant France "referred that [P]laintiff be evaluated for his competency to stand trial and criminal responsibility," obtained a court order outside of Plaintiff's presence, and waived Plaintiff's probable cause rights during the November 5, 2020, preliminary examination. (*Id.*, PageID.3–4.)

On March 21, 2023, Plaintiff received an order terminating the criminal charges against him. (*Id.*, PageID.4.)

Based on the foregoing allegations, Plaintiff brings claims § 1983 claims against Defendants Bernhardt and MacArthur for malicious prosecution and against Defendant France for conspiracy, and state law claims against Defendant France for intentional infliction of emotional distress, barratry, and champerty. (*Id.*, PageID.1, 5–6.) Plaintiff seeks monetary and declaratory relief. (*Id.*, PageID.6.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice.”). The court must determine whether the complaint contains “enough facts to state a claim to relief that is plausible on its face.” *Twombly*, 550 U.S. at 570. “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a “‘probability requirement,’ . . . it asks for more than a sheer possibility that a defendant has acted unlawfully.” *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). “[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not ‘show[n]’—that the pleader is entitled to relief.” *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A. Section § 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

#### 1. Claims Against Defendant France

Plaintiff brings a claim for conspiracy under § 1983 against Defendant France, then-Chris Defender of the Chippewa County Public Defender and Plaintiff’s appointed criminal defense counsel. (Compl., ECF No. 1, PageID.1, 3–4.) However, a claim under § 1983 may be brought

only against a person acting under color of law. *West*, 487 U.S. at 48. Defense attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318 (1981); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); *Corley v. Vance*, 365 F. Supp. 3d 407, 460 (S.D.N.Y. 2019), *aff'd sub nom. Corley v. Wittner*, 811 F. App'x 62 (2d Cir. 2020) (holding that appointed defense counsel and investigator "were not state actors, as required under § 1983"); *Cook v. Cnty. of Fresno*, No. 1:18-cv-01347, 2018 WL 6044922 at *3 (E.D. Cal. Nov. 19, 2018) ("[P]ublicly appointed investigators and paralegals do not act under 'color of state law' within the meaning of section 1983."). Consequently, Plaintiff has failed to state a claim under § 1983 against Defendant France upon which relief may be granted, and the Court will dismiss Plaintiff's complaint against her.

**2. Malicious Prosecution Claims**

Plaintiff brings claims for malicious prosecution against Defendants Bernhardt and MacArthur. (Compl., ECF No. 1, PageID.5.) Specifically, Plaintiff alleges that these Defendants falsely claimed that Plaintiff possessed marijuana while in prison, resulting in Plaintiff being placed in administrative segregation and facing criminal charges, which were ultimately dismissed. (*Id.*)

The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright,* 449 F.3d 709, 715–16 (6th Cir.2006) (internal quotation marks omitted). "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process.'" *Sykes*

*v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Wallace v. Kato,* 549 U.S. 384, 390 (2007)). A malicious prosecution claim requires the following:

> (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute"; (2) "that there was a lack of probable cause for the criminal prosecution"; (3) "that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty . . . apart from the initial seizure"; and (4) that "the criminal proceeding must have been resolved in the plaintiff's favor."

*Tlapanco v. Elges*, 969 F.3d 638, 654–55 (6th Cir. 2020) (quoting *Sykes*, 625 F.3d 294 (brackets and quotations marks omitted)). Put another way, a Fourth Amendment claim of malicious prosecution requires at its core that the plaintiff suffer "a 'deprivation of liberty'" as a result of the legal proceeding. *Sykes*, 625 F.3d at 308–09 (quoting *Johnson v. Knorr,* 477 F.3d 75, 81 (3d Cir. 2007)). Even a person criminally charged and prosecuted but who suffers no deprivation of liberty through arrest or incarceration cannot maintain a claim for malicious prosecution. *Cummin v. North*, 731 F. App'x 465, 470 (6th Cir. 2018).

The Supreme Court has held that a prisoner has no "liberty interest" in remaining free from disciplinary confinement to segregation. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). In examining a due process claim, the *Sandin* Court explained:

> Admittedly, prisoners do not shed all constitutional rights at the prison gate, *Wolff* [*v. McDonnell*], 418 U.S.[539,] 555, 94 S. Ct. [2963] 2974 [(1974)], but "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" *Jones*[ *v. N.C. Prisoners' Labor Union, Inc.*], 433 U.S. [119,] 125, 97 S. Ct. [2532,] 2537 [(1977)], quoting *Price v. Johnston,* 334 U.S. 266, 285, 68 S. Ct. 1049, 1060, 92 L. Ed. 1356 (1948). Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law.

*Id.* at 485. Accordingly, the Court held that the prisoner-plaintiff's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486. Without a liberty interest, there is nothing of

which Plaintiff could have been deprived for Fourth Amendment purposes.[1] For that reason, the Court will dismiss Plaintiff's claims of malicious prosecution.

**B. State Law Claims**

**1. Intentional Infliction of Emotional Distress**

Plaintiff claims that Defendant France intentionally or recklessly caused Plaintiff extreme emotional distress in securing orders outside of Plaintiff's presence, failing to notify Plaintiff of "said acts," and filing a motion to have Plaintiff evaluated for competency. (Compl., ECF No. 1, PageID.3, 5.)

To state a claim for intentional infliction of emotional district under Michigan law, a plaintiff "must allege extreme or outrageous conduct which, intentionally or recklessly, causes extreme emotional distress." *Garretson v. City of Madison Heights*, 407 F.3d 789, 799 (6th Cir. 2005) (citations omitted). "Liability for the intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (quoting *Doe v. Mills,* 536 N.W.2d 824, 833 (Mich. Ct. App. 1995)). "A plaintiff can show that a defendant specifically intended to cause a plaintiff emotional distress or that a defendant's conduct was so reckless that 'any reasonable person would know emotional distress would result.'" *Id.* (quoting *Lewis v. LeGrow,* 670 N.W.2d 675, 689 (Mich. Ct. App. 2003).

[1] The Court notes that, although the Sixth Circuit, in *Davis v. Gallagher*, 951 F.3d 743 (6th Cir. 2020), reversed the district court's grant of summary judgment in favor of the defendant on a prisoner's malicious prosecution claim because the state court's finding of probable cause did not preclude the plaintiff's claim, and remanded the case for further proceedings, the Sixth Circuit explicitly noted that the defendant had not challenged that "third and fourth elements" of the malicious prosecution claim, which includes the deprivation of liberty. *Id.* at 747.

Here, Plaintiff has not included any facts that would suggest that Defendant France intended to subject him to emotional distress by seeking orders outside Plaintiff's presence or filing a motion to have Plaintiff evaluated for his competency to stand trial or his criminal responsibility. There is nothing within the complaint to indicate that Defendant France took these actions for the purpose of causing Plaintiff emotional distress, nor has Plaintiff provided the Court with any facts that would suggest that a reasonable person would have known that emotional distress would result. Moreover, the actions that Plaintiff attributed to Defendant France do not rise to the level of "egregious mistreatment which is 'beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" needed to maintain a claim for intentional infliction of emotional distress. *Garretson*, 407 F.3d at 799. Therefore, the Court will dismiss Plaintiff's state law claim for intentional infliction of emotional distress.

**2. Barratry and Champerty**

Finally, Plaintiff states that Defendant France committed "barratry" and "champerty." (Compl., ECF No. 1, PageID.6.) Under Michigan law, "[c]ommon-law barratry was an offense committed when an individual filed meritless suits against others." *People v. Vallance*, 548 N.W.2d 718, 719 (Mich. Ct. App. 1996). "[C]hamperty is the practice of an uninterested third-party funding litigation in exchange for a share of the proceeds." *In re Shastal*, No. 20-31468-JDA, 2025 WL 439075, at *24 (Bankr. E.D. Mich. Feb. 7, 2025), *reconsideration denied,* No. 20-31468-JDA, 2025 WL 667146 (Bankr. E.D. Mich. Feb. 28, 2025), and *leave to appeal denied sub nom. Sweet v. Bedford*, No. 20-31468-JDA, 2025 WL 1318043 (E.D. Mich. May 6, 2025). The facts of this case do not support either claim. Therefore, Plaintiff's claims for barratry and champerty will be dismissed.

**Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: November 20, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge